Welcome to the Ninth Circuit today. We welcome counsel who's on the phone by video and counsel who's present as well. I'd like to welcome Judge Rakoff, who's visiting yet again to the Ninth Circuit and has been very helpful in helping us accommodate our arguments. Judge Rakoff Well, it's always a privilege to sit on the Ninth Circuit, but I have to confess I went to the Giants game last night and they've lost, so that's why I'm wearing black today. Justice Breyer And Judge Bybee is not able to be with us today, but he is fully prepared for the arguments and will listen to the argument. You'll get full accommodation with everything that you're arguing today, and he'll help us decide these We'll turn to the cases. We have actually five cases have been submitted. Garcia-Lara v. Garland, case number 20-73300. Ortiz-Guadalupe v. Garland, case number 20-73531. Torres-Simon v. Garland, case number 21-70524. Espinoza-Ramos v. Garland, case number 21-70789. And Zacharias-Aldana v. Garland, case number 21-70957. We have two cases scheduled for argument this morning, and the first is Cruz-Calmo v. Garland, case number 20-72841. Both counsel will participate by video. And Ms. Hallie Nelson? Hallie Nelson, Your Honor. Okay, go ahead. Thank you. Good morning, Your Honors. May it please the Court, Chelsea Hallie Nelson on behalf of Petitioner Ricardo Cruz-Calmo. I'd like to reserve two minutes for rebuttal, and I'll do my best to keep an eye on the clock. The agency committed multiple errors requiring reversal and remand. First, I'll focus on the particularly serious crime analysis, and then turn to the CAT determination. The agency improperly applied the first Francesco-NAM factor, which serves as a crucial gatekeeping function. At step one, the agency must review the specific elements of the offense to determine if those elements bring the offense within the ambit of particularly serious crimes at all. If not, Behr v. Barr held, quote, the individual facts and circumstances of the offense are of no consequence, and the analysis stops at the first factor, and the petitioner is not barred from relief. Now here, the immigration judge found that the elements of petitioner's offense are relatively minimal and do not require harm to another or knowledge of intoxication. Under Behr v. Barr, the analysis should have ended there, yet the immigration judge instead held that the elements of the offense belie the serious nature of a DUI, and then goes on to discuss DUIs in general, as if DUI means one offense and one offense only. Thus, the immigration judge held, notwithstanding the elements of the specific conviction before him, DUIs in general are serious. Now, consistent with case law, the analysis must be whether the nature of petitioner's specific DUI conviction is serious as measured by the elements of that offense only, not whether misdemeanor drunk driving in general across many state statutes defining the offense is serious. So why did the IJ err in looking at the specific facts in this case? He found property damage. He found, I guess, severe inebriation, a risk to the public. Why is that error? Francesco and NAM make clear that there are multiple steps and different factors that must be considered in a particularly serious crime analysis. The first step looks at the elements alone. Now, Behr v. Barr affirmed that and clarified that that is true, and that's the first step. If the elements themselves of the offense don't show that the offense is serious in nature, we don't get to the facts and circumstances. So in this case, the immigration judge indeed concluded that the elements of the offense before him were minimal in nature. So based on that conclusion, he should never have moved to step two, which looks at the facts and circumstances. Instead, he concluded that the elements were minimal and yet generalized to DUIs as a whole category of crimes, and then moved on to the facts and circumstances. I was unclear what he meant by the word minimal. Do you interpret that as meaning that he was saying that under the first element, this was not a serious crime? Or do you interpret it as he found it was a serious crime but took into account things he shouldn't have taken account of? Or exactly how do you interpret the word minimal? Right. It's our contention that the immigration judge, because he does discuss the actual elements of the offense, a petitioner's offense, and concludes that they are minimal, and then identifies in what way he sees that minimal. In this case, he says that they don't require harm to another or knowledge of intoxication. They don't have a mens re requirement. So I think based on that, that informs what he means when he says that he found that the elements were minimal. But it goes on to say authority, not legal, not case law, but authority suggesting that it is inherently, that drunk driving is inherently very dangerous. So isn't that kind of a gloss he's putting on the first element? He does talk about DUIs as a whole category of crime. He gets to the conclusion that the petitioner's offense is serious in nature by making generalizations to DUIs as that whole analysis or purportedly basis his rationale on this whole set of cases, which in fact, don't deal with an offense that is similar to petitioners. He talks about he cites two cases that are outside of the jurisdiction outside of the circuit. And all of the offenses that were DUIs in that set of cases that immigration judge sites to, in fact, require some sort of aggravating element like injury to another, mens re, accident, recidivism. And so they were dissimilar from petitioner's offense, which required intoxication and driving. It was a strict liability crime, so to speak. So the air here was the fact that the immigration judge generalized to this whole category of DUI crimes, which gets me to sort of our second point, which is that the categories of particular serious crime through adjudication, but that's precisely what the immigration judge was doing there. After finding the elements were minimal, he goes on to discuss DUIs in general and the other dangers of drunk driving as a whole. I don't read his reasoning as saying every DUI would have to fall within this category. For instance, if somebody was barely above the limit, they hadn't injured anyone, they hadn't posed any risk, they might have been guilty under the statute, but I don't think anything would have prohibited the I.J. from saying that's not serious given the other factors here. So doesn't that sort of undermine your argument? I don't think that it does because if we look at the Francesco factors as being step one, step two, and if that's step one, you're only looking at the elements. And here the immigration says despite the minimal elements, all DUIs are serious in nature, right? He says the elements belie the serious nature of a DUI, speaking of it as a broad category of crime. Under the immigration judge's reasoning, all state DUIs would be particularly serious crime regardless of the actual elements of the crime at issue, despite having varying requirements of culpability. In any case involving a DUI under the immigration judge's reasoning, the agency could ignore the elements of the statute at issue and instead find that because the offense falls within the general category of a DUI offense, it's per se particularly serious. And such a result creates that impermissible per se category. To underline this point, in 2020, the government proposed to expand what constituted particularly serious crime through regulation. Specifically, the now enjoyable- Forgive me for interrupting, but because we have limited time, assuming you're right on this point about the first element, isn't it harmless error since he went on to discuss other requirements and found that there was substantial evidence, for example, that the guy could relocate or whatever, or put it the other way, that there was substantial, that he had not shown, the petitioner had not shown that he couldn't relocate? That gets to the other application, which was before the immigration judge, which was CAT, which I can briefly address. I see that my time is running out. I'd like to reserve the remainder of my time for rebuttal, and I'll address the CAT determination at that point, your honor. Okay, sounds good. We'll hear from the government then. Good morning. May it please the court, Ted Durant for the respondent attorney general. In her brief, or in petitioner's brief, there's essentially two issues that are before the court. It's the PSG determination and the CAT determination. With respect to the PSG determination, the agency, an immigration judge, acted within his considerable discretion when he found that petitioner's drunk driving offense in 2015 amounted to a particular serious crime. So let me ask you this. Yes, sir. It's a misdemeanor, right? Yes, sir. So if, well, that's not dispositive, isn't that strongly suggestive that the legislature did not consider this a serious crime? Why would they, you know, we have this, the immigration judge went on to describe quite accurately all the terrible things that come about through drunk driving, but the legislature, if they had thought that this particular crime represented such all those terrible threats, would surely have made it a felony, but they made it a misdemeanor. In the analysis of the crime, your honor, the sentence imposed is considered, not whether it was a misdemeanor or a felony. And the judge in this case recognizes that while petitioner's I'm not, I, there is case law to along those lines, but that's not the point. The point is that what in determining whether it was a serious crime or not, should we not at least take account of what the very legislative body that created this crime determined it was. And they said in a whole category of these crimes, they can be misdemeanors. Uh, your honor, the, uh, the fact that it's a misdemeanor, I don't know if that should plays into the analysis of, of, of the judge's decision. He certainly recognized that the sentence, but that isn't put another way. I mean, that could be part of the analysis, but is that a dispositive part of the analysis? Are there other examples where misdemeanors are found to be serious crimes? I'm sure there's others, other examples where misdemeanors have bound to be particular serious crimes. The sentence is, is analyzed as a separate element and under board precedent, it's not considered the most dispositive element because there's a lot of reasons why someone would only receive minimal time. Uh, they could agree to speak to, to, uh, communities that could be the judge could, there could be overwhelming sympathetic factors, but that is not the dispositive element. The first element, the nature of the crime is where a petitioner rests the majority of his argument. And in this case, the, the immigration judge recognized the elements as you should and recognize that we're de minimis, but under bear and under, uh, it's, it's whether or not this crime is DUI under any circumstance could be considered particularly serious. And in, and in this case, the judge recognized that driving while intoxicated is inherently a dangerous thing, no matter what the elements are. Well, so then you're suggesting that petitioners correct that the, the, the IJ found this was a per se category of particularly serious crimes. No, your honor. I'm saying it is potentially, potentially when you look at the second factor, the facts and circumstances, it, you know, and when the judge cited all these cases, he wasn't doing a categorical analysis. He was recognizing, recognizing that the drunk driving, as soon as you get in that car and drive drunk, it's, it's potentially dangerous, potentially dangerous. And so he went on as he should to look at the second steps. And I would agree with you if this was just a, uh, a checkpoint and petitioner pulled over and Why do you look at the second step? If you have found that it's the category is inherently dangerous. So isn't that mean that he found that it wasn't inherently dangerous? Why would he go on to the second step if he had found that it was inherently dangerous? Well, it's, it's the possibility it, it potentially his, it potentially puts it in realm of a, of a particularly serious crime. You know, if, if you drive drunk and under bear, you look at the elements and under any circumstance, does that bring it into particular serious crime? It's a very low bar. And this is what you have here. And then the judge recognize the elements recognize that it's the minimus, you know, just driving under with while being intoxicated, but that does not belie the fact that it is under any circumstance, potentially, not always, but potentially it's not a per se category, which is why he looked so closely at the second element. And I thought did a very good job of it. How would we apply this in other contexts? Say it was vandalism and we'd say vandalism is usually not a particularly serious crime. However, it could be, you could, you know, you could totally vandalize the U.S. Capitol, in which case, you know, it's millions of dollars of damage. Is that the analysis we would go through is say that we can think of a hypothetical where it could be particularly serious. Therefore, we'll move on to the, it doesn't seem to be any gatekeeping function for the, the first category. Under bare, the gatekeeping function, as they, the court states in respect to vandalism, it's very low. It's a very low bar to jump over. And I believe the actual words and bars under any factual circumstance. And I think I've written it down under any factual circumstance in the offense could be, could be a PSG. Not that it is, is that it could be. And that's why the judge is not. Most of the time, most of the time you are, the government's position is most of the time, the IJ is going to be considering all four factors. Because the threshold is so low, you really have to exclude any particularly serious facts that could lead to a conviction, which seems like a very low. It's a very low bar. It's exceptionally low. And in this case, the immigration judge. So please give me an example under your analysis of what it means to be inherently dangerous, potentially hurriedly of a crime that's not potentially inherently dangerous. So in terms of which, are you asking about drunk driving your honor or? Oh, I'm asking about any crime in the world, because it seems to me the way you're interpreting it, as Judge Ryan's example of vandalism just showed, there's virtually no crime where you couldn't at least hypothesize a unusual case that would be serious, even though the overwhelming majority of cases under Crime X might not be serious. That can't be the right standard, can it? That there is somewhere out there some example of a potentially serious case, which is what you just, I think, just said. Well, under non-circuit case law, just interpreting bar, the court says the fact that the fact the inquiry is whether under any factual circumstance, the offense could potentially be a PSG. It's a very low bar. That's this court's case law. And of course, you know, you could think of a million other offenses. Potentially jaywalking would fit into your category. Jaywalking, but drunk driving, you know, it's drunk driving. And he gets in that car and I see my time is short and I'd like to address the cat claim. And I'm sorry I've taken so much time on this one. But the cat argument, petitioners failed to show that he rates cat protection under the substantial evidence test. And first and foremost, in his reply brief, he says that the judge misstated the record. Well, that's not true at all. The judge understood that petitioner had been beaten several times. It's in there in his analysis when he talks about whether or not petitioner was persecuted on a particular social group or protected ground. In addition, and if you excuse me, I don't believe that petitioner exhausted this claim before the agency, even though he raises it now in his reply brief, which is the lion's share of his cat argument. I didn't see it. And please forgive me if I'm wrong. I didn't see in the notice of appeal or the appellate brief. So it appears to be that it's unexhausted. It's not true. And ultimately it's irrelevant because the immigration judge proceeded as if petitioner had suffered past torture and recognized that this is a future looking, it's a form of protection that is future looking. And when you look to the future, you see that petitioner, it's possible for him to relocate. His family's living in a town two hours away. He's done it before. They haven't been bothered. Counsel, can I ask you, can I ask you a question? And if this takes over, obviously answer it. But you notice the government did not respond to the 28 J letter regarding the applies here specifically, um, Alcarez and Rike versus Garland. Um, well, that seems to suggest that it was the one. Oh, go ahead. I reviewed it. I got it the other day and I reviewed the case. And, uh, the case that was cited was that was the decision that was, uh, eventually pulled. But with respect to, um, but the, but the holding the final holding in that case, as I understand it was, uh, was that, um, uh, like a police report couldn't be used unless the petitioner was able to have the opportunity to bring the police officer in. Is that your understanding too? No, no, that's never been the case. And that per se role would not make any sense when, when this case, uh, first of all, we're talking about probation reports. Secondly, when we talk about the admission of evidence, it's reliability and due process concerns. And petitioner in this case has, you know, here we have a reliable police report. Petitioner can't even remember what happened. In fact, he testifies that he couldn't remember. I believe it's at one 55 of the record. So it's on the reliability evidence. And we don't have a case here where petitioner is saying that's not true. I didn't do that. Everyone's lying. He never requested, um, that the, uh, the police officer, uh, come in and, or, or be presented. And that would be, he did, he did object to the police report being admitted. Um, and, and Enrique does have language in there saying that if, um, if report is, I mean, they're the, the petitioner, uh, objected as well. And we apparently held that the government had a duty to try and bring in the witness. And again, this was in this case, petitioner never asked for that. It's all. And you look to whether or not the evidence is reliable and there's, and there's case law, there's no evidence that this isn't. And in her, and in his petitioner's brief, uh, a big place, 26 footnote four, they recognize that it wasn't improper for the immigration judge to consider this evidence just that it wasn't part of the record of conviction. So that argument that we couldn't consider it was never exhausted. And the case law that, that petitioner cites is not a per se rule that, you know, you have to, you have to reach out to the cop or police officer in every case that would make no sense. When you look at, when you consider in this situation, because the evidence is reliable and petitioners never claimed that everyone's lying. Okay. The due process is concerned. That's how I'd interpret it. Yeah. Thank you. Well, that's all I have. I appreciate the court's time and, and, and, and conclusion, the agency acted within its discretion when it found that petitioner's crime amounted to particular serious crime and substantial evidence, uh, demonstrates that petitioner does not warrant cat protection. That's all I have. Thank you. Thank you. Uh, you have time for rebuttal. Thank you, your honors. Um, so I, first I, I wanted to, um, just underline the point that I was making before I went to reserve some time that, um, it goes to the point that, uh, that the government is raising at this point that under any factual circumstances, um, the crime could be particularly serious, that that's really the, the holding of therapy bar. Um, again, the first factor in the Francesco, can you cite us to any cases where we or any other courts have held that a crime is not under that analysis? Um, I, I don't have a case at hand. I can certainly, um, I can certainly do a supplemental 28 to provide that. I just wondered, I mean, if, if the government's right, and it's such a low threshold, then we would, I presume that most of these cases, they are considering all four factors. And so I was wondering if you had something to rebut that. Sure. Uh, I mean, in this case though, if we were to say that it's under any factual circumstances, even that fact, the first factor still is confined to looking at the elements of this particular offense. Uh, DUIs are primarily state statutes. They vary in elements, uh, across the states. Um, and again, I would just reiterate that the cases that the, the immigration judge cited to here were, um, state DUI, uh, statutes that included some aggravating factors. They were dissimilar and distinct from, um, the offense that was before him. So that was the generalization was improper, but I'd like to turn to the CAT, um, determination if I can really quickly. Before you go there and I'll, I'll give you some extra time, but I'm interested in your 28J letter. Was that argument waived? Uh, the government points us to footnote four where, I mean, it's interesting because below a petitioner actually objected to the admission below, before the IJ, uh, the petitioner objected or counsel objected to the police report, but on appeal in our, in this brief, the argument seems to be different. It seems to be that it wasn't error to consider the police report, but it was the only error was giving weight to one side of the police report over, uh, his own personal testimony. Can you help? Isn't the argument that you were trying to point out in Alvarez Enrique's waived here? We don't think it was waived, your honor. So in, in fact, uh, it's, it's still supported by, um, what we're saying, which is that the, the air of the immigration judge here was to improperly, improperly exclusively rely on select portions of that police report. So not to, um, but the argument you say, oh, I, I, I, I get your argument there. That's the argument that was definitely made the argument in your 28J letter. Maybe I'm misinterpreting it, but it was just plain error to even allow the police report in. Is that what you're trying to argue or not? So the point of the, of the 28J and the Alvarez Enrique's case is that, um, that the evidence inquiry, uh, despite being pretty broad and lenient is still subject to these limitations. Um, and it has to be fundamentally fair and it has to, uh, you have to allow by regulation, the petitioner, an opportunity to reasonably cross-examine witnesses that are presented against him. Does that mean that he has to ask to cross-examine the police officer? I think his objection is making that very clear. He objected specifically to admission of the police report for failure to cross-examine the witnesses they're in, in the declarant. So his objection makes clear that he's asking for those individuals to be made available or for that piece of evidence to be excluded because he believes it's prejudicial. So the objection raised that argument. I don't think that he has to explicitly thereafter make a request in addition to now here, the immigration judge's, um, conduct was particularly egregious because not only did he admit that over petitioner's objection, um, but then he discredits petitioner's own testimony about the offense, not any other testimony only about the offense. But the petitioner, as I read it, he didn't really dispute anything in the police report. He didn't confirm certain facts, but he didn't really dispute anything. He, I mean, he gave reasons for why the police report, why different conclusions should be reached given the facts, for example, that he didn't pull over, but he never disputed that the police report was wrong. He just said, oh, I didn't know I was supposed to pull over. I mean, would you agree with that assessment or do you think that the petitioner actually disputed the police report with his obviously to some of the facts that are presented in the witness statements contained in the police report, um, which are completely discredited by the immigration judge and that, and the fact that the immigration judge then also, um, relies exclusively on those witness statements and the officer's lengthy narrative to provide the facts and circumstances. If petitioner had been, uh, afforded an opportunity, and I suppose this is the point of the opera as Enriquez, if he had been afforded the opportunity to cross examine the, um, police officer and the witnesses that provided those statements in the police report, it's possible that that context would have been understood that his, um, own sort of, uh, his own testimony about the facts and circumstances would have been corroborated, uh, would have been supported and the immigration judge would have come to a different conclusion on that second step. But again, I'll go back to, if the court agrees that the first step is a gatekeeping function and the immigration judge erred, you know, and not confining his analysis to the elements, then we don't even get to the second factor. Let me give you, let me give you 30 seconds on your cat claim because I cut you off. Thank you. Um, so as to the, the cat's termination, um, first to the exhaustion issue, uh, we, there's, the government's never raised it as an exhaustion and, uh, specifically in petitioner's opening brief at page 33, we make this exact argument. Um, the convention against torture, um, claim the immigration judge reduced petitioner's multi-day kidnapping, repeat beatings, use of weapons and deprivation of food and water to a singular beating and use that to find that there was insufficient evidence of past torture. The, his clear misstatement of the record to critical facts related to past torture shows that he didn't consider all the evidence before him related to cat. Yeah, but wasn't, he made the finding that your client could substantial, could, could relocate and avoid any of the dangers. So whether he thought the dangers were X and really it was X plus doesn't seem to me to matter, uh, as long as that finding of relocation was adequate. What about that? So while the immigration judge does make other findings, the most crucial evidence relevant to predictive torture findings is whether or not petitioner has suffered past torture. So in this case, um, the fact that the immigration judge clearly misunderstood or, um, or didn't consider uncontradicted record evidence about past torture means that, um, there was air substantial evidence can't support the conclusion about cat eligibility and the remedies to remand for that to be considered, um, fully and for the I don't think that this misstatement is harmless error because it would require the court to conclude that it's more probable than not that the air, a misunderstanding about the type and quantum of harm that petitioner suffered did not materially affect the immigration judge's decision that petitioner had not suffered past torture. A multi-day kidnapping, being blindfolded, beaten and hit with a rifle, deprived of food and water is significantly more than a singular beating. But I thought maybe I misunderstood the findings of the immigration judge. I thought he found that whatever the nature of the torture and I'll accept for hypothetically for purposes of this question that he minimized it or did not fully understand the full scope. But what he found was that whatever it was, your client was able to avoid it for over a month during a period when he was in hiding and he viewed that as substantial evidence that if he went, if he was sent back, he could similarly avoid whatever the problem was through relocation. What, what's wrong with that? The immigration judge's finding about internal relocation, um, is a separate finding about this, about past torture. So even, I suppose the point is that the most, um, crucial evidence about a predictive finding in the CAT determination relates to whether the, the petitioner has suffered past torture. Here, the immigration judge found that the evidence presented was insufficient, but he did that by, by contradicting or misunderstanding what was um, and so the remedy is for the court. The court can simply not conclude that there was substantial evidence to support the CAT determination. And with that, unless the court has any further questions, I'll relinquish my time. Thank you, counsel. Thank you both for your arguments today. The case is now submitted.
judges: BYBEE, NELSON, Rakoff